| | |
|---|---|
| NWR CONSTRUCTION, LLC,    ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | |
| **v.**    ) | **MEMORANDUM & ORDER** |
| ) | |
| SCHINDLER ELEVATOR    ) | |
| CORPORATION,    ) | |
| ) | |
| **Defendant.**    ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Schindler Elevator Corporation's Motion to Amend. (Doc. No. 33). For the reasons explained below, Defendant's motion is **DENIED**.

## I.   BACKGROUND

Plaintiff, a general contractor, and Defendant, a subcontractor, entered into a Subcontract for construction work at an apartment building in Charlotte, North Carolina. (Doc. No. 16 at 1). The Subcontract includes the following arbitration provision:

> Any claim or dispute between [Defendant] and [Plaintiff] shall, at the sole option of [Plaintiff] be determined in accordance with any disputes procedure set forth in the Contract Documents or, *at the sole option of [Plaintiff], by litigation or binding arbitration* in accordance with the American Arbitration Association's ("AAA") Construction Industry Arbitration Rules, then in effect, and [Defendant] shall be bound by such determination and shall comply fully with the same.

(Doc. No. 17-1 at 10) (emphasis added). On June 7, 2024, alleging Defendant's construction work was deficient, Plaintiff sued Defendant in state court for breach of the Subcontract and specific performance, negligent misrepresentation, and unfair and deceptive trade practices in violation of

N.C. Gen. Stat. § 75-1.1 *et seq.*, and moved the Court to stay litigation pending arbitration. (Doc. No. 1-2 at 4–11). Defendant removed the case to this Court on July 29, 2024. (Doc. No. 1).

On September 9, 2024, Plaintiff formally moved to compel arbitration and stay proceedings based on the arbitration provision in the Subcontract. (Doc. No. 15). Defendant opposed "on the grounds that the arbitration clause is illusory and unenforceable, because it empowers Plaintiff to unilaterally choose to arbitrate or litigate." (Doc. No. 21 at 1). On November 1, 2024, the Magistrate Judge granted Plaintiff's Motion. (Doc. No. 24). On November 14, 2024, Defendant objected to the Magistrate Judge's order. (Doc. No. 25). On February 7, 2025, the Court overruled Defendant's objection and affirmed the Magistrate Judge's Decision. (Doc. No. 31). On March 7, 2025, Defendant filed a Motion to Amend the Court's Order overruling Defendant's objection and affirming the Magistrate Judge. (Doc. No. 33). Specifically, Defendant moves for the Court to amend the Order affirming the Magistrate Judge (Doc. No. 31) to allow for an interlocutory appeal. (Doc. No. 34 at 2). On December 23, 2025, this case was reassigned to the undersigned.

## II.      LEGAL STANDARD

Section 1292 provides that a district court may certify an interlocutory order for immediate appeal where (1) the "order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Unless all these elements are met, 'the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b).'" *Raycap Asset Holdings Ltd. v. Gora LLC*, No. 3:20-CV-00363-KDB-DCK, 2023 WL 1768134, at *2 (W.D.N.C. Feb. 3, 2023) (quoting *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015)).

"The purpose of § 1292(b) is to allow for an early appeal of an order when appellate-level

resolution of issues addressed by that order may provide more efficient disposition of the litigation." *State ex rel. Howes v. Peele,* 889 F. Supp. 849, 851–52 (E.D.N.C. 1995). This provision "was not intended to allow interlocutory appeal in ordinary suits," or "as a vehicle to provide early review of difficult rulings in hard cases." *Id.* at 852 (citations omitted). Rather, section 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." *Id.* Accordingly, the Fourth Circuit has cautioned that section 1292(b) "should be used sparingly and . . . its requirements must be strictly construed." *Myles v. Laffitte,* 881 F.2d 125, 127 (4th Cir. 1989). The decision of whether to certify an interlocutory appeal is a matter within the discretion of the district court. *See Howes,* 889 F. Supp. at 852.

## III.    DISCUSSION

Defendant moves this Court to amend the order affirming the Magistrate Judge's order staying this action and compelling arbitration to allow for an interlocutory appeal. (Doc. Nos. 24, 31, 33). Defendant argues that "[t]he question of whether sole discretion arbitration clauses are enforceable" is a "controlling question of law as to which there is substantial ground for difference of opinion." (Doc. No. 34 at 3–4). Defendant contends this question "remains unanswered under North Carolina law" and no case law specifically addresses that question. *Id.* at 5. Further, though Defendant admits that "[i]t is not likely that an immediate appeal . . . would eliminate the need for trial or make discovery easier and less costly," Defendant argues that this involves a "complex legal issue" that if not resolved now, would result in prolonged litigation after a final judgment. (Doc. No. 34 at 7–8).

Defendant has failed to meet its burden here. In the Order affirming the Magistrate Judge, the Court explained that "the Fourth Circuit has reiterated that '[u]nder North Carolina law, when a contract as a whole is supported by adequate consideration, there is no requirement that an

3

arbitration provision contained in that contract subject all parties to the contract to the same arbitration obligations.'" (Doc. No. 31 at 3–4) (first quoting *Dan Ryan Builders, Inc. v. Nelson*, 682 F.3d 327, 330 (4th Cir. 2012) (mem.) (certifying a question to the Supreme Court of Appeals of West Virginia), then citing *Dan Ryan Builders, Inc. v. Nelson*, 737 S.E.2d 550 (W. Va. 2012) (answering certified question)). And the Court was satisfied, as it still is, that in addition to the statements that the Fourth Circuit made on the issue generally, the weight of authorities support the Magistrate Judge's, and the Court's, conclusion. *See id.* at 4 n.1 (citing cases). Further, another Court in this district has concluded the same when addressing a substantially similar contract to this one. *See* Order Affirming Decision of the Magistrate Judge at 7, *NR 550 Uptown LP et al. v. Schindler Elevator Corp.*, No. 3:24-cv-00410-MOC-SCR (Doc. No. 31) (W.D.N.C. Apr. 3, 2026) (citing *Wellington-Sears & Co. v. Dize Awning & Tent Co.*, 196 N.C. 748, 751 (1929)) ("[A] provision that grants one party the sole ability to exercise a right is enforceable so long as that party made other, binding promises as a part of the agreement."). Indeed, Defendant has failed to demonstrate a substantial ground for difference of opinion on this issue among North Carolina courts or within the Fourth Circuit. *See, e.g., United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.*, 173 F. Supp. 3d 320, 324 (E.D. Va. 2016) (concluding defendants failed "to meet the high standard for a substantial ground for difference of opinion, especially when the Fourth Circuit has already commented on the issue").

As to whether an interlocutory appeal would materially advance the litigation, the Court concludes that it would neither avoid trial nor shorten litigation. Rather, an interlocutory appeal would prolong litigation, whereas arbitration would materially advance resolution of the present dispute.

Further, the Court observes that in addition to the fact that the parties are sophisticated

business entities, "[i]n North Carolina there is a 'strong public policy favoring the settlement of disputes by arbitration.' In fact, 'any doubt concerning the existence of such an agreement must . . . be resolved in favor of arbitration.'" *Canteen v. Charlotte Metro Credit Union*, 900 S.E.2d 890, 894 (N.C. 2024) (citations omitted) (holding a unilateral amendment made pursuant to a change-of-terms provision adding an arbitration provision did not render the contract illusory).

For these reasons, the Court finds that the present case does not warrant the extraordinary remedy of an interlocutory appeal.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Amend (Doc. No. 33) is **DENIED**.

**SO ORDERED.**

Signed: April 6, 2026

_____

Matthew E. Orso
United States District Judge